## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHRAF IBRAHIM, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No.: 1:19-cv-04916-KAM-JO<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff Ashraf Ibrahim ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

　　　　1.　　This is a class action against Defendant American Honda Motor Co., Inc. ("Honda" or "Defendant") for the manufacture and sale of Honda EU2200i, EU2200i Companion, EU2200i Camo, and EB2200i Portable Generators (collectively, the "Generators" or the "Products"), all of which suffer from an identical design defect that Defendant fails to disclose to consumers at the time of purchase.

　　　　2.　　The design defect causes the Products to leak gasoline from their fuel valves, posing severe fire and burn hazards. This defect has rendered the Products unsuitable for their principal and intended purpose. Upon information and belief, the Products' defective nature spans across the above-listed models because they are all manufactured by one manufacturer and

have essentially identical electrical, physical, and functional characteristics, which utilize the same or similar components for each model. Thus, the defect manifests itself equally across the models of Honda Generators specified above.

3. On March 20, 2019, Defendant issued a recall of the Products. Prior to the recall, Defendant had exclusive knowledge of the defect, which was not known to Plaintiff or Class Members.

4. But Honda's recall is insufficient. It was designed so that Honda could retain as much of its unlawful profits as possible while also providing as little benefits to purchasers as possible.

5. Notably, Honda's recall provides for minimal notice to class members. Honda claims to be "contacting all known purchasers directly," but this excludes tens if not hundreds of thousands of consumers who purchased Defendant's Generators at third-party retail stores. Moreover, Honda has only offered to repair the Generators. Honda has not offered any form of monetary relief to purchasers.

6. However, even consumers who attempt to have their Product repaired are facing difficulty due to unavailability of replacement parts. Indeed, an April 18, 2019 letter from Defendant posted on its website, powerequipment.honda.com, acknowledges that consumers are facing "frustration and inconvenience" due to the recall, while also stating that "[w]e empathize with those customers waiting to have recall repairs performed by their authorized Honda Power Equipment servicing dealer due to an insufficient supply of replacement parts."[1]

7. Honda sold the Products to unsuspecting consumers upon the material omission that the Products were fit for their intended purpose. None of these customers would have purchased the Products had they known of this highly material fact.

---

[1] http://cdn.powerequipment.honda.com/pe/pdf/Recalls/Consumer-parts-letter.pdf

8. With hundreds of thousands of units sold at approximately $1,100 to $1,300 each, Honda has profited enormously from its failure to timely disclose the product defect to purchasers.

9. Although Honda sells the Products through its authorized dealerships, Plaintiff and Class Members are intended third-party beneficiaries of the contractual relationship between Honda and its dealers because Honda's authorized dealers, franchisees, representatives, and agents were not intended to be the ultimate consumers of the Products and have no rights under the warranty agreements or contracts of sale provided with the Products. Defendant Honda Motor Co. knows that consumers are the end-users of its Products.

10. Indeed, upon information and belief, the contracts between Defendant American Honda Motor Co. and its authorized dealers state that it is the dealer's obligation "to promote and sell, at retail, Honda Products."

11. Upon information and belief, the contracts between Defendant American Honda Motor Co. and its authorized dealers also explicitly state that "Dealer agrees that it will expressly incorporate any warranty furnished by American Honda with a [Honda Product] as part of each order form or other contract for the sale of such [Honda Product] by Dealer to any buyer." (emphasis added).

12. Accordingly, the warranty agreements covering the Products at issue were designed for and intended to benefit only the ultimate purchasers, such as Plaintiff and Class Members.

13. As a direct result of Honda's actions, Plaintiff and Class Members have suffered injury in fact, have been damaged, and have suffered a loss of money or property for having paid more money than they otherwise would have for a dangerous and defectively designed Product.

14. Plaintiff brings his claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for breach of implied warranty, unjust enrichment, and violation of New York's General Business Law ("GBL") §§ 349 & 350.

## THE PARTIES

15. Plaintiff Ashraf Ibrahim is a citizen of New York, residing in the Bronx. On March 3, 2018, Mr. Ibrahim purchased a 2018 Honda EU2200i Portable Generator, Serial No. EAMT-1024882, from an authorized Honda dealer in Queens, New York. Mr. Ibrahim paid $960.00 plus $85.20 in sales tax for a total of $1,045.20. Prior to purchase, Mr. Ibrahim was not made aware of the fact that the Product is defective and poses a severe safety hazard, which was only in the possession of Defendant. Nothing on the Product's packaging disclosed this material fact. Mr. Ibrahim purchased the Product because he believed it was fit for use as a portable generator. However, the Product Mr. Ibrahim purchased was not fit for use as a portable generator due to the Product's dangerous defect. Mr. Ibrahim would not have bought the Product, or would have only done so on substantially different terms, had he known that the Product leaks gasoline from its fuel valve, rendering it both dangerous and useless.

16. Defendant American Honda Motor Co., Inc. is a California corporation with its principal place of business in Torrance, California. Defendant Honda markets and sells its portable Generators widely throughout the United States. Upon information and belief, Defendant Honda has sold hundreds of thousands of these defective Generators. Plaintiff reserves his right to amend this Complaint to add different or additional defendants, including, without limitation, any officer, director, employee, supplier, or distributor of Honda Portable Generators who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

**JURISDICTION AND VENUE**

17. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this district, and a substantial part of the events giving rise to Plaintiff's claims took place within this District, where Plaintiff purchased the Product.

**CLASS ACTION ALLEGATIONS**

19. Plaintiff seeks to represent a class defined as all persons in the United States who purchased a Honda EU2200i, EU2200i Companion, EU2200i Camo, and/or EB2200i Portable Generator (hereafter, the "Class").

20. Plaintiff also seeks to represent a subclass of all Class members who purchased a Honda EU2200i, EU2200i Companion, EU2200i Camo, and/or EB2200i Portable Generator in the State of New York (hereafter, the "New York Subclass").

21. At this time, Plaintiff does not know the exact number of members of the aforementioned Class and Subclass ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling Defendant's Products, Plaintiff believes that Class and Subclass Members are so numerous that joinder of all Members is impracticable.

22. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. Common legal and factual questions include, but are not limited to:

    (a) whether Defendant misrepresented and/or failed to disclose material facts concerning the Products;

    (b) whether Defendant's representations, omissions, and/or conduct were likely to deceive consumers into believing that the Products operated properly;

    (c) whether Defendant has been unjustly enriched as a result of the unlawful conduct as alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class;

    (d) whether Plaintiff and the Class sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

23. Plaintiff's claims are typical of the claims of Class and Subclass Members because Plaintiff and all Class Members purchased a defective Honda Portable Generator under the representation and/or omission that it was fit to perform its stated purpose when, in fact, it was not.

24. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained counsel competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

25. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution in the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also

6

presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**(Breach of Implied Warranty of Merchantability)**

26. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

27. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

28. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller impliedly warranted that the Products were fit for their intended purpose in that they would function properly.

29. Defendant breached the warranty implied in the contract for the sale of the Products in that they could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not function properly due to their defective design and dangerous propensity to leak gasoline.  As a result, Plaintiff and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

30. In reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose, Plaintiff and Class Members purchased the Generators for use as generators.

31. The Generators were not altered by Plaintiff and Class Members. They were defective when they left the exclusive control of Defendant.

32. Defendant knew the Products would be purchased and used without additional testing by Plaintiff and Class Members.

33. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and propensity to leak gasoline had been known; and (b) the Products did not perform as promised.

## COUNT II
### (Unjust Enrichment)

34. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

35. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

36. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' purchases of the Products. Retention of those monies under these circumstances is unjust and inequitable because Defendant failed to disclose that the Products were unfit for use as generators. Defendant's misrepresentations and/or material omissions caused injuries to Plaintiff and Class Members because they would not have purchased the Products if the true facts were known.

37. Retention of those monies also is unjust and inequitable because, as alleged above, Honda commenced an ineffective recall that was calculated to result in few returns and no refunds, thereby protecting profits Honda collected from selling the defective products.

38. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class Members for its unjust enrichment, as ordered by the Court.

### COUNT III
### (Violation of New York G.B.L. § 349)

39. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the members of the Class and New York Subclass against Defendant.

41. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations and/or material omissions concerning the Products' fitness for their intended use as portable generators.

42. The foregoing deceptive acts and practices were directed at consumers.

43. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent and/or omit the material characteristics of the Products to induce consumers to purchase them.

44. Plaintiff and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and dangerous propensity to leak gasoline had been known; and (b) the Products did not perform as promised. As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Generators or in the difference in value between the Generators as warranted and the Generators as actually sold.

9

45. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT IV
### (Violation of New York G.B.L. § 350)

46. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

47. Plaintiff brings this claim individually and on behalf of the members of the Class and New York Subclass against Defendant.

48. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by failing to disclose that the Product's defective nature causes it to leak gasoline and is thus unfit to be used as a generator.

49. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

50. This omission has resulted in consumer injury or harm to the public interest.

51. Plaintiff and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and dangerous propensity to leak gasoline had been known; and (b) the Products did not perform as promised. As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Generators or in the difference in value between the Generators as warranted and the Generators as actually sold.

52. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass Members;

b. For an order declaring the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

11

Dated: November 14, 2019

Respectfully submitted,

By: */s/ Philip L. Fraietta*
Philip L. Fraietta

**BURSOR & FISHER, P.A**
Philip L. Fraietta
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com
aleslie@bursor.com

*Counsel for Plaintiff*