

William A. Delgado
wdelgado@dtolaw.com

December 2, 2019

**V**IA **ECF**

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Ashraf Ibrahim v. American Honda Motor Co., Inc.*,
            **Case No. 1:19-cv-04916-KAM-JO**

Dear Judge Matsumoto:

This firm represents American Honda Motor Co., Inc. ("Honda"), the defendant in the above-referenced lawsuit. We write pursuant to Rule IV(B)(1) of Your Honor's Chambers Practices to request a pre-motion conference regarding Honda's anticipated motion to dismiss the First Amended Complaint ("FAC") under Rules 12(b)(1) and 12(b)(6) of the Rules of Civil Procedure.

Plaintiff is a New York consumer who alleges he purchased a Honda generator with a defect that causes gasoline to leak from its fuel valve. Although Honda issued a voluntary recall and offered to repair the generator free of charge pursuant to the product's express warranty, Plaintiff opted to file this putative class action in lieu of a free repair. He asserts claims for breach of the implied warranty of merchantability, unjust enrichment, and violations of New York G.B.L. sections 349 and 350 on behalf of a nationwide class of consumers, as well as a New York subclass. His FAC should be dismissed for multiple reasons.

        **1.**    **The recall defeats standing and renders plaintiff's claims moot.**

As a threshold matter, this Court lacks subject-matter jurisdiction because the recall disposes of standing and render's Plaintiff's claims moot. Federal courts have limited jurisdiction and "their powers [are] circumscribed at their most basic level by" the "Cases or Controversies" requirement of Article III of the Constitution. *Russman v. Bd. of Educ.*, 260 F.3d 114, 118 (2d Cir. 2001). At the "uncontroverted core [of this requirement] lies the principle that, at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Id*.

That is not the case here, where the only injury Plaintiff alleges arises exclusively from the alleged defect in the product—a defect Honda has offered to fix for free in accordance with the product's express warranty. In other words, Plaintiff has not been deprived of the benefit of his bargain. On the contrary, he has received precisely what he bargained for—the ability to



William A. Delgado
wdelgado@dtolaw.com

repair or replace a defective part free of charge.  *See Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234 (2005) (holding that car owner had not incurred an "ascertainable loss" in purchasing a car with a defective fuel gage because the manufacturer's offer to repair the car for free pursuant to warranty was precisely what he had bargained for).  Because Plaintiff has not suffered a cognizable loss, he lacks standing and his claims are moot.  *See, e.g.*, *Hadley v. Chrysler Group LLC*, 2014 WL 988962 (E.D. Mich. Mar. 13, 2014) (dismissing claims as moot and finding lack of standing where manufacturer offered to repair recalled product), *aff'd* 624 Fed. Appx. 374 (6th Cir. 2015).

### 2. Plaintiff's claim for breach of the implied warranty of merchantability fails because he lacks privity with Honda.

Plaintiff's breach-of-warranty claim fails because his allegations establish that he is not in privity with Honda.  "The implied warranty of merchantability is a guarantee by the *seller* that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection."  *Wojcik v. Empire Forklift, Inc.*, 783 N.Y.S.2d 698, 700 (2004) (emphasis added).  "[A]bsent privity of contract, a purchaser cannot recover mere economic loss against a manufacturer under a theory of breach of implied warranty."  *Westchester Cnty. v. Gen. Motors Corp.*, 555 F.Supp. 290, 294 (S.D.N.Y.1983).  Because Plantiff here alleges that he purchased his generator from an "authorized Honda dealer" rather than from Honda, he has failed to allege privity of contract between himself and Honda, and his breach-of-warranty claim must be dismissed.  *See Tomasino*, 44 F. Supp. 3d at 262 (dismissing implied warranty claim for lack of privity where plaintiff alleged that she purchased defendants' product from a Macy's department store rather than from the defendant).

Moreover, Plaintiff has not salvaged his claim by alleging in the FAC that he was a third-party beneficiary of the contractual relationship between Honda and an unspecified dealer.  The case law makes clear that merely alleging a "third-party beneficiary" relationship is not enough; Plaintiff has failed to state an implied-warranty claim because he does not allege that the contract between Honda and the dealer expressly stated an intent to benefit Plaintiff.  *Bristol Village, Inc. v. Louisiana-Pacific Corp.*, 916 F.Supp.2d 357, 363 (2013) (dismissing implied-warranty claim for lack of privity where plaintiff had alleged a third-party-beneficiary relationship).

### 3. Plaintiff's duplicative unjust enrichment claim also fails.

Plaintiff's unjust enrichment claim must be dismissed because it is duplicative of his other claims.  An "unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."  *Sitt v. Nature's Bounty, Inc.*, 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016) (citing *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)).  But that is precisely what Plaintiff's unjust enrichment claim does here.  The allegations underlying that claim—that Honda "failed to disclose that the products were unfit for use as generators," and consumers "would not have purchased the Products" if not for unspecified "ommissions"—are the very same allegations underlying Plaintiff's claims under sections 349 and 350 of the G.B.L.  *Compare* Compl. ¶¶ 30–34 *with id.* at ¶¶ 35–48.  Plaintiff's unjust enrichment claim must therefore be dismissed.  *See Sitt*, 2016 WL 5372794, at *18 (dismissing



William A. Delgado<br>wdelgado@dtolaw.com

unjust enrichment claim that was duplicative of claim brought under GBL sections 349 and 350); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015) (same).

    **4.    Plaintiff's conclusory allegations are insufficient to state a plausible claim for relief under sections 349 and 350.**

Plaintiff also has failed to state a plausible cause of action under section 349 or 350 of the GBL because his allegations are wholly conclusory. To plead "a claim under the Consumer Protection Act, a Plaintiff is required to set forth specific details regarding the allegedly deceptive acts or practices." *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 98, 100 (S.D.N.Y. 1997). The plaintiff must specifically identify the allegedly deceptive respresentations or ommissions; "general references to advertisements and statements will not be sufficient to allege a deceptive act or practice." *Woods v. Maytag Co.*, 2010 WL 4314313 at *15 at *16 (E.D.N.Y. 2010). And the key allegations may not be made on "information and belief." *Tinlee Enterprises, Inc. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605, 610 (E.D.N.Y. 1993).

Here, Plaintiff's FAC falls well short of this standard. Although it makes vague reference to unspecified "material omissions," it fails to identify a single misrepresentation or ommission, let alone one that Plaintiff saw before purchasing the product. What's more, Plaintiff notes in the first sentence of his FAC that all allegations not "specifically pertaining to himself and his counsel" are "based upon informatino and belief. " *See* Compl. (introductory paragraph). The case law is clear that such allegations do not suffice. *See Haag v. Hyundai Motor Am.*, 969 F. Supp. 2d 313, 315–16 (W.D.N.Y. 2013); *Horowitz*, 613 F. Supp. 2d at 287–88; *Woods*, 2010 WL 4314313 at *15; *Weaver*, 172 F.R.D. at 100; *Tinlee*, 834 F. Supp. at 610.

* * * *

Honda proposes the following briefing schedule: (1) Honda's motion due twenty-eight days after the pre-motion conference; (2) Plaintiff's opposition due twenty-one days later; and (3) Honda's reply due fourteen days later.

Very truly yours,

    William A. Delgado

700 South Flower Street, Suite 1000, Los Angeles, CA 90017
main: 213-335-6999 | fax: 213-335-7802 | dtolaw.com

166670.2